

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
OCT 05 2015

| PAUL A. ROSBERG,<br><br>Plaintiff,<br><br>vs.<br><br>KAREN RIESBERG, KNOX COUNTY/JOHN THOMAS, BONDING COMPANY, WEST PLAINS LLC, and TODD R. MCWHA,<br><br>Defendants. | 4:15-CV-04079-LLP<br><br>ORDER DISMISSING COMPLAINT |
|---|---|

## INTRODUCTION

Plaintiff, Paul A. Rosberg, filed this pro se lawsuit, arguing defendants violated his plea agreement. He named Karen Riesberg, Knox County/John Thomas, Bonding Company, West Plains LLC, and Todd R. McWHA as defendants. At the time of filing, Rosberg was incarcerated at the federal prison camp in Yankton, South Dakota. The Court "screened" this case pursuant to 28 U.S.C. § 1915A. For the following reasons, Rosberg's claim is dismissed.

## FACTUAL BACKGROUND

Rosberg claims he sold 100,000 bushels of organic corn to West Plains Company. Docket 1 at ¶1. After he delivered one installment, West Plains claimed the corn was damaged, and it would not pay for the corn. *Id.* at ¶¶2, 4. West Plains brought the agreement to an arbitrator in Washington D.C. *Id.* at ¶9. Rosberg was not able to explain himself to the arbiter, and it found that he

1

must pay West Plains. *Id.* at ¶¶10-11. West Plains filed a lawsuit against Rosberg in Knox County. *Id.* at ¶12. The Knox County judge ruled against Rosberg and refused to listen to his arguments. *Id.* at ¶¶14-17. He was not allowed to appeal the decision against him. *Id.* Rosberg requests that this court find defendants responsible for his loss in this dispute and order them to pay $173,000. *Id.* at ¶20.

## DISCUSSION

Rosberg alleges this court has diversity jurisdiction under 28 U.S.C. § 1332. "Diversity jurisdiction 'requires an amount in controversy greater than $75,000 and complete diversity of citizenship of the litigants.' " *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). " 'Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.' " *Id.* (quoting *OnePoint Solutions*, 486 F.3d at 346).

"[F]or purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977). "[A] prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Id.* (citations omitted). The court held this "traditional rule" was a presumption that "could be rebutted by a prisoner who could show facts sufficient to indicate a bona fide intention to change his domicile to the place of his incarceration." *Id.* at 251.

2

When he filed this complaint, Rosberg was a prisoner in South Dakota. Before being incarcerated, he lived in Nebraska, where defendants Riesberg, Thomas, and McWHA lived, as well as where Knox County and West Plains Company are located. Rosberg has not argued that he is domiciled outside of Nebraska. Therefore, his citizenship is not diverse to all defendants.

Accordingly, it is ORDERED that Rosberg's complaint (Docket 1) is dismissed without prejudice for lack of jurisdiction.

Dated October 5th, 2015.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
UNITED STATES DISTRICT JUDGE